IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAMPBELL DOBBS,

    Plaintiff,

vs.                                        Civ. No. 98-638 JC/LCS

BRIAN McGUIRE, et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

       This matter comes before the Court upon the Stipulated Protective Order, filed August 31, 1998, which required an *in camera* inspection of internal affairs files on Defendants Officers Brian McGuire and Franchot Egry. The Defendants have agreed to voluntarily produce IAF-CPC File No. 43-96 which concerns the Plaintiff's complaints against Officers McGuire and Egry. The Defendants, however, object to producing the remaining files (IAF-CPC File No. 10-96 regarding Tony Nava; IAF-CPC File No. 42-97 regarding Susan Johnson; IAF-CPC File No. 82-96 regarding Mari Baca; IAF-I File No. 25-98 regarding Officer McGuire; IAF-I File No. 105-98 regarding Officer McGuire; and IAF-I File No. 110-96 regarding Officer Ergy) on several grounds. First, the Defendants contend that those files are protected in part by the Officers' right to privacy. Second, the Defendants argue that the files are protected in part because their production is unlikely to lead to the discovery of admissible evidence. Third, the Defendants claim the attorney-client privilege with respect to one document in IAF-CPC File No. 82-96 regarding Mari Baca at IA 18, the Findings and Recommendations by Acting Captain Craig Loy, dated January 22, 1997.

1

A. An Officer's Right to Privacy

The Tenth Circuit has recognized the existence of an officer's right to privacy in personnel and investigative files. *Denver Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981). This right to privacy, however, must be construed narrowly. *Mason v. Stock*, 869 F.Supp. 828, 833 (D. Kan. 1994). The test for determining whether information is of such a "highly personal or sensitive nature that it falls within the zone of confidentiality" consists of three prongs. *Id.* (citation omitted). The Court "must consider, (1) if the party asserting the right has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner." *Id.* (quoting *Lichtenstein*, 660 F.2d at 435). In this case, the IAF files contain documents related to the Officers' work as police officers. The legitimate expectation of privacy is, therefore, not very great. Moreover, there is a compelling state interest to ascertain the truth, i.e., what kind of police officers Officers McGuire and Ergy are. Additionally, disclosure of the IAF files can be made with the least intrusion into privacy by implementing a confidentiality order. Having considered the three prongs of the *Lichtenstein* test, I find that disclosure of the IAF files at issue is not "'such a gross abuse of privacy as to amount to abridgement of fundamental constitutional guarantees.'" *Id.* (quoting *Baker v. Howard*, 419 F.2d 376, 377 (9th Cir. 1969)). Consequently, I conclude that the Officers' right to privacy does not prevent disclosure of the IAF files.

B. "Unlikely to Lead to the Discovery of Admissible Evidence" Objection

Fed. R. Civ. P. 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other

party . . . ." In *Oakes v. Halvorsen Marine Ltd.*, 179 F. R. D. 281, 283 (C.D. Cal. 1998), the Court observed: "[T] he purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Toward this end, Fed. R. Civ. P. 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence. The discoverable information need not be admissible at trial. As the court in *Cuthbertson v. Excel Industries, Inc.*, 179 F.R.D. 599, 603 (D. Kan. 1998), noted: "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings." Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id*. (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U. S. 340, 351 (1978)).

The Complaint for Damages, in this case, asserts among other things that Defendant Polisar "knew or reasonably should have know[n] that defendants McGuire and Ergy were not qualified or emotionally suited to be law enforcement officers." Count II at ¶24. The Complaint also alleges failure "to take adequate action to remove [Officers McGuire and Ergy] from their position as law enforcement officers or to otherwise prevent them from violating the constitutional rights of others, including plaintiff...." *Id*. The Complaint further alleges that Defendant Polisar failed "to adequately supervise and discipline subordinate APD law enforcement officers." *Id*. The Complaint asserts the following under Count III: Defendants Polisar and the City of Albuquerque failed to "1) to supervise and discipline subordinates accused of police misconduct and wrongful arrest; 2) to institute an adequate mechanism for monitoring officers in order to detect unfit officers; 3) to adequately discipline officers in a manner which

3

would have effectively communicated to them ... the limits placed upon their authority to engage in unreasonable and unnecessary force against others...." *Id*. at ¶33.

Disclosure of the IAF files would reveal evidence concerning the past conduct of Officers McGuire and Ergy as well as the knowledge Defendants Polisar and the City had of that conduct. This information could reasonably lead to the discovery of evidence relevant to the allegations of the Complaint laid out above. Accordingly, I find that in the interest of liberal discovery production of the IAF files should be permitted.

C. Attorney-Client Privilege

The last objection by the Defendants is based upon the attorney-client privilege. The document which the Defendants seek to protect was written by Acting Captain Craig Loy and not addressed to anyone in particular. The Defendants do not explain why they consider this document to be a communication which was made to an attorney confidentially, in his professional capacity and for the purpose of securing legal advice or assistance. *See Barclaysamerican Corp. v. Kane*, 746 F. 2d 653, 656 (10th Cir. 1984). Consequently, I cannot find that the Defendants have established an attorney-client privilege with respect to that particular document. In sum, I conclude that all of the IAF files submitted for *in camera* review shall be produced to the Plaintiff no later than November 16, 1998. That production will, however, be subject to a confidentiality order. *See infra.*

D. Confidentiality Order

The IAF files shall be disclosed only to the parties or their officers or those employees or agents to whom it is necessary that such information be given or to any outside expert or consultant employed by the Plaintiff for this lawsuit. The persons receiving this confidential

4

information shall use it solely in preparation for trial or at the time of trial of this lawsuit and for no other purpose. Each consultant or expert employed in the action who is to receive this information shall be advised that, as a condition of receipt of the information, the witness is to agree to be bound by the same terms of the Court's confidentiality order. At the conclusion of the litigation, the disclosed documents are to be returned to the Defendants without the Plaintiff or her counsel maintaining any copy of the information provided. Nothing contained in this Court's order, of course, prevents a party from utilizing the confidential materials or information at trial in this case or at pretrial proceeding subject to the opposing party's right to seek appropriate Court protections. Violation of the Court's order on confidentiality may subject the person who so violated the order to appropriate sanctions as determined by the Court. In addition, the Defendants shall be responsible for retrieving the box of IAF files now located in chambers.

**IT IS SO ORDERED**.

_____
Leslie C. Smith
United States Magistrate Judge